UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:99-CR-62 |
| | ) | (JORDAN/SHIRLEY) |
| PIERCE L. GROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**PRETRIAL ORDER**

This action came before the Court on April 6, 2007, upon the defendant's apprehension. Assistant United States Attorney Tracee Plowell appeared as counsel for the government. Kim Tollison appeared with the defendant, Pierce Gross. The last activity in the case was the February 14, 2000, Petition for Action on Pretrial Release filed by the pretrial services officer. [Doc. 59] The defendant absconded from this Court over seven years ago.

The United States reported that the prosecution is prepared to proceed to trial, adding that the law enforcement officers involved are still with the agency and available for trial. AUSA Tracee Plowell announced that she will be handling the case for the government, and her substitution for former counsel Mary Aubrey is approved by the Court. Attorney Tollison represented defendant Gross before his flight. Mr. Tollison informed the Court that he is able to resume representation of defendant Gross. The co-defendant charged with Mr. Gross in this indictment has long since seen his case to conclusion.

The defendant waived a hearing on the February 14, 2000, Petition for Action on Pretrial Release and agreed to remain in jail pending trial. Defendant Gross indicated that he understood and agreed with this decision. Accordingly, the Court hereby revokes the Order Setting Conditions of Release **[Doc. 17]** and the bond contained therein, signed by Magistrate Judge Robert P. Murrian, who presided over this case at the time. The Court **GRANTS** the relief sought Petition for Action on Pretrial Release **[Doc. 59]**. The defendant is remanded to the custody of the United States Marshal Service pending trial.

At the hearing, the parties agreed that the next appropriate step was to set the case for trial before the District Court. This matter will proceed to jury trial before the Honorable Leon Jordan on **May 4, 2007, at 9:00 a.m.**[1] Counsel for defendant Gross and the attorney for the government indicated that this Pretrial Order could be entered without the necessity of a formal hearing or pretrial conference.

## I.

Magistrate Judge Murrian previously ruled on all pending motions in this case. The motion deadline has long since passed and the Court sees no reason to allow further pretrial motions. There are no pending motions in this case.

## II.

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves

---

[1] The case having been reassigned from Honorable James Jarvis to Judge Jordan during defendant's absence.

the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolongated.

(b) **Peremptory Challenges**. Under Fed. R. Crim. P. 24(b)(2), the defendant is entitled to ten peremptory challenges and the government is entitled to six.

(c) **Novel Legal Issues for the Court**. No novel or unusual legal issues were identified as of this time.

(d) **Novel Evidentiary Issues for the Court**. No novel or unusual evidentiary problems were identified as of this time.

(e) **Special Requests for Jury Instructions**. If counsel have any special requests for instructions to the jury, the same shall be filed at least five (5) working days before trial.

(f) **Additional Motions**. No more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed. All motions in limine must be filed at least five (5) working days before trial. Responses to motions in limine are due at least two (2) working days before trial.

(g) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

**III.**

This case will be set for trial before the Honorable Leon Jordan and a jury, to commence at **9:00 a.m. on May 4, 2007**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

            **ENTER:**

             s/ C. Clifford Shirley, Jr.
             United States Magistrate Judge