UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:99-CR-62 |
| | ) | 3:07-CR-45 |
| | ) | (JORDAN/SHIRLEY) |
| PIERCE L. GROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in these two cases have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned on April 26, 2007, upon the government's Motion to Consolidate Cases filed as [Doc. 91] in 3:99-CR-62 and also as [Doc. 3] in 3:07-CR-45, along with the government's Motion to Continue [Doc. 92], applicable only to 3:99-CR-62. Present for the government was Assistant United States Attorney Tracee Plowell. Present with the defendant was attorney Kim A. Tollison.

**Consolidation**

At the hearing, the government asked the Court to join two indictments of Pierce Gross for a single trial: docket number 3:99-CR-62 charging violations of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and Title 18 United States Code, Section 924(c)(1); and docket number 3:07-CR-45 charging the defendant with knowingly failing to appear as required in

case number 3:99-CR-62, a violation of Title 18, United States Code, Section 3146(a)(1) and (b)(2)(A)(I). In support of its request, the government relied upon Rule 13 of the Federal Rules of Criminal Procedure which provides authority for the Court to order that separate cases be tried together "if all offenses and all defendants could have been joined in a single indictment or information." The government also cited Rule 8(a) of the Federal Rules of Criminal Procedure "which provides that joinder of counts pursuant to rule 8(a), like joinder of defendants pursuant to rule 8(b), promotes efficient use of limited judicial resources and, thus, plays a vital role in the criminal justice system." [Doc. 91 at p. 2].

Defendant Gross agreed that it was appropriate for the Court to join these indictments for trial upon motion of the government, under the facts and circumstances presented by these two cases. Accordingly, the government's Motion to Consolidate Cases, filed as **[Doc. 91] in 3:99-CR-62** and also as **[Doc. 3] in 3:07-CR-45 [Doc. 91]**, is **GRANTED** and the two cases are joined for the purpose of a single trial.

## Trial Continuance

Upon Mr. Gross' apprehension seven years after he fled from prosecution, this Court set a trial date in case 3:99-CR-62 for May 4, 2007. At the motion hearing April 26, 2007, the Court took up the government's Motion to Continue [Doc. 92]; defendant Gross orally joined in the government's motion. The government asserted that due to the defendant's seven year absence, the government would require additional time to procure evidence and witnesses necessary to proceed to trial. AUSA Plowell stated that despite due diligence this could not be accomplished before the trial date. See 18 U.S.C. §3161(h)(8)(A). Defendant Gross agreed that additional time was

2

necessary to prepare for trial because of the passage of time attributed to defendant's voluntary absence and as a result of the joinder of the two indictments. Attorney Tollison and AUSA Plowell agreed that all the time between the present hearing and the new trial date would be fully excludable under the Speedy Trial Act.

The Court found the motion to continue the trial, orally joined by the defendant, to be well-taken and agrees with the defendant and the government that the ends of justice served by granting the continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observed that the defendant's attorney will need time to review discovery in case 3:07-CR-45 and to prepare for trial, given the additional flight charge and the joinder of the indictments. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court found that this could not take place before the May 4, 2007, trial date despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Thus, in light of the swiftly approaching May 4, 2007 trial date, the Court found that the failure to grant a continuance would deprive counsel of time to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring the government and the defendant to go to trial as originally scheduled despite the lack of time to prepare would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i).

Thus, the joint motion for a continuance of approximately two months, **[Doc. 92]** is **GRANTED**, and the trial of 3:99-CR-62 is reset to commence on the trial date previously set for 3:07-CR-45: **June 28, 2007, at 9:00 a.m.** before Honorable Judge Leon Jordan. The Court also found and the parties agreed that all of the time between the April 26, 2007, hearing and the new

3

trial date of June 28, 2007, is fully excludable time under the Speedy Trial Act for the reasons discussed above. See 18 U.S.C. § 3161(h)(8)(A)-(B).

    Accordingly, it is **ORDERED**:

1. Motion to Consolidate Cases, filed as **3:99-CR-62 [Doc. 91]** and also as **3:07-CR-45 [Doc. 3]**, is **GRANTED** to the extent that these two indictments will be joined in a single trial to commence on June 28, 2007, and

2. the Motion to Continue **[Doc. 92] in 3:99-CR-62** is **GRANTED** in order to effectuate the joinder for trial.

**IT IS SO ORDERED.**

    ENTER:

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge